————0————

THE TOLEDO AGRICULTURAL WORKS, Plaintiff in Error, *vs.* VINCENT HEISSER ADM. of Balzer Heuring, *et al.*, Defendants, in Error.

1. *Notes and Bills—Agency—Descriptio personae.—*A note made to " C. H. Morris, agent," is payable to him personally. The word agent after his name is merely *descriptio personae.*

*Error to Scott Circuit Court.*

*Louis Brown*, for Plaintiff in Error.

*G. H. Greene and L. Houck*, for Defendants in Error.

ADAMS, Judge, delivered the opinion of the court.

The plaintiff being a corporation created under the laws of the State of Ohio, sued the defendant on the following note, to-wit:

"$170. Cape Girardeau, Mo., May 30, 1870.

On or before August 20th, 1870, we or either of us promise to pay to the order of C. H. Morris, agent, one hundred and seventy dollars for value received, negotiable and payable without defalcation or discount, and with interest from maturity, at the rate of ten per cent. per annum.

Samuel Tanner.—Balzer Heuring.

Due Aug. 20th, 1870. "

The defendants denied the execution of this note to the plaintiff, or to an agent of the plaintiff, and set up that it had been fraudulently altered by adding the word "agent" to the end of the name of Morris, the payee ; and set up the further defense of a judgment, on a garnishment by a creditor of Morris, for seventy odd dollars, and payment of the judgment without any notice that the plaintiff held the note; and set up a plea of tender to Morris, while the note was in his hands, of the balance due, and brought the same into court,

The plaintiff filed a general reply denying the allegations of the answer. A motion to strike out parts of the answer had been previously made and overruled.

The main question raised here, is whether this note was subject to garnishment, and whether the defendants ought to be allowed a credit for the amount of the judgment rendered against them as garnishees, which was paid.

The face of the note showed that Morris was the payee and entitled to receive the money. The word "agent," conceding that it was put there at the time of the execution of the note, was a mere *descriptio personae*, and so far as the defendants were concerned, Morris was the real owner of the note, and a garnishment of the defendants as the debtors, and a judgment rendered and paid before the note went into the hands of plaintiff, ought to be a protection to them. But whether this be so or not, it does not affect the rights of the parties here.

It was shown by inspection that this word "agent," was inserted in this note after the judgment on the garnishment had been rendered, and paid off. Under this state of facts we have no hesitation in saying that the judgment on the garnishment was a *pro tanto* payment of this note.

We see no sufficient reason for disturbing the judgment of the Circuit Court.

Judgment affirmed. The other judges concur.